HON. JOSEPH WILLIAMS,* CHIEF JUSTICE.
HON. S. CLINTON HASTINGS,†    " "

HON. JOHN F. KINNEY, }
HON. GEORGE GREENE, } JUDGES.

---

DAVIS *v.* ALEXANDER.

A case having been once determined in the supreme court, it cannot be brought up a second time, by writ of error.

ERROR, *to Van Buren District Court.*

*C. Walker,* for the plaintiff in error.

*J. C. Hall,* for the defendant.

*Opinion by* KINNEY, J.   In this case a judgment was rendered in the district court of Van Buren county, upon the 11th day of July, 1845, against plaintiff in error, for the

*Term expired Jan. 25, 1848.      †Appointed Jan. 26, 1848.

Davis *v.* Alexander.

sum of $578,33.   Exceptions were filed to the opinion of the court below, and a writ of error sued out from the supreme court; and on the 24th day of January, 1846, the case having been tried before the supreme court, the judgment of the court below was affirmed, and a writ of *procedendo* awarded, which, as appears from the record, was filed in the office of the clerk of the district court, on the 25th day of February, 1846.

Upon the 20th day of March following, a second writ of error was issued, and upon security having been given, a second order of *supersedeas* awarded.   The case therefore finds its way a second time into this court.

A plea, with a verification that the case had once been tried in the supreme court, and the judgment of the court below affirmed, was filed by defendant in error.   To which a special demurrer was filed, assigning:

1. That the former writ of error was dismissed for the want of the notice required by law, that the writ of error had been sued out.

2. That by law, a party has three years, after the rendition of the judgment, to prosecute a writ of error.

3.   That although the law authorizes the court to affirm the judgment, if notice of sueing out the writ of error be not given, yet the judgment so given does not decide that there is no error in the judgment of the court below, but merely that the writ of error has not been presented as the law requires, &c.

From an examination of the record, it appears that the judgment of the court below was affirmed, and a writ of *procedendo* awarded.

The question presented then by the record and pleadings for our decision is, does the statute give the unsuccessful party in the supreme court the right of bringing the case again before the court upon a second writ of error.

The statute provides that writs of error may issue upon orders, decrees, and judgments of the district courts. (*a*)   It also provides, that unless the proper notice is given to the adverse party of suing out the writ of error, the judgment of the

(*a*) Laws of 1844, p. 6, § 3.

---
Davis v. Alexander.
---

court below shall be affirmed. (b)     Also, that the court may award such process to carry into effect its judgments, as is deemed proper. (c)

The court in this case having rendered a judgment, and awarded a *procedendo* to carry that judgment into execution; now, to entertain jurisdiction to correct that judgment, would be unauthorized by the statute, and would establish a precedent, not only unexampled, but that would tend to manifest injustice and confusion ;  the legitimate result of which would be, to burthen the supreme court with writs of error issuing upon its own judgments, thus tending to prevent the final settlement of causes.   If a writ of error can issue upon the judgment of this court, a writ of error might also issue upon the judgment rendered, upon the hearing of that writ of error ; and so on *ad infinitum*, and the supreme judiciary of the state, instead of being what the constitution and law intended, a court for the correction of errors, it would become an agent in the hands of disappointed suitors, to prevent the very object of its organization.

The judgment of the court below, being swallowed up by the judgment of this court, the writ of error therefore cannot reach that in the court below; but seeks to correct the judgment of this court, which is wholly inconsistent with its judicial existence.

It does not appear by the record in this case, that the writ of error was dismissed for the want of notice.   If it did, the statute making it the duty of the supreme court to enter a judgment of affirmance in all cases where the proper notice has not been given, as a penalty upon the plaintiff in error for his own neglect, we would still be at a loss to know how this court could correct the errors of its own judgment upon writ of error. The demurrer of plaintiff in error is overruled, and the writ of error dismissed.

Writ of error dismissed.

(b) Laws of 1844, p. 7, § 11.     (c) Ib., p. 9, § 34.